UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARION F. CARLIN,
Plaintiff-Appellant,

v.

No. 95-2392

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Aiken.
Henry M. Herlong, Jr., District Judge.
(CA-92-1918-1-20AJ)

Argued: April 4, 1996

Decided: May 23, 1996

Before NIEMEYER, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Mary J. Wiesen-Kosinski, Aiken, South Carolina, for
Appellant. Sharon M. Saffron, Office of the General Counsel,
SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland,
for Appellee. **ON BRIEF:** J. Preston Strom, Jr., United States Attor-
ney, John B. Grimball, Assistant United States Attorney, Arthur J.
Fried, General Counsel, Randolph W. Gaines, Acting Principal Dep-
uty General Counsel, A. George Lowe, Acting Associate General

Counsel, Litigation Division, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

We must decide whether substantial evidence supports the decision of the Commissioner of Social Security that Marion F. Carlin's period of disability began on October 1, 1989. Contending that his disability began on September 23, 1988, Carlin assigns error to the Commissioner's (1) evaluation of his subjective complaints of pain and (2) vocational assessment. Having reviewed the record and considered Carlin's arguments, we affirm the district court's decision upholding the Commissioner's disability determination.

I

Carlin applied for disability insurance benefits and supplemental security income on December 21, 1988, alleging disability since January 15, 1987, due to right shoulder pain and dizzy spells. His applications were denied initially and on reconsideration.

Carlin thereafter requested a hearing before an Administrative Law Judge (ALJ). The ALJ vacated the denial of Carlin's applications and remanded his case to the State Agency of South Carolina for a mental assessment. The State Agency determined that Carlin was disabled from a combination of mental and physical impairments beginning October 1, 1989, the date that medical records first showed that Carlin suffered from a condition that "would restrict[his] ability to concentrate and to understand, remember, and carry out detailed job instructions." Before that date, the State Agency explained, Carlin's physical

2

condition "would not have prevented [him] from performing other kinds of work available within the national economy."

Dissatisfied with the October 1, 1989, onset date established by the State Agency, Carlin requested another hearing before an ALJ and, at the hearing, amended his alleged onset date to September 23, 1988. After holding a hearing on the matter, the ALJ rejected Carlin's claim. Based on an October 4, 1989, psychological evaluation showing "depression and impairment of concentration to such a degree that [Carlin] was unable to work in view of his additional physical impairments," the ALJ found that Carlin was currently disabled. While noting that before October 1, 1989, Carlin had a right rotator cuff tear, restrictive lung disease, and mild depression that precluded him from performing his past relevant heavy work as a construction worker, the ALJ determined that those ailments did not prevent Carlin from performing medium work[1] not requiring lifting the right arm above shoulder level. From his evaluation of the medical evidence, Carlin's subjective complaints of pain, and testimony presented at the hearing by a vocational expert who took into account Carlin's "age, education, and work background,"[2] the ALJ concluded that Carlin was not disabled within the meaning of the Social Security Act at any time before October 1, 1989.

After the Appeals Council denied his request for review, Carlin brought this action under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's "final decision." From the district court's judgment affirming the Commissioner, Carlin noted this appeal.

II

On appeal, Carlin contends that the ALJ improperly evaluated his subjective complaints of pain, refusing to credit Carlin's testimony on

_____

[1] 20 C.F.R. §§ 404.1567(c) provides that "[m]edium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."

[2] As of October 1, 1989, Carlin was 53 years old, had a seventh grade education, and had worked in the relevant past on construction jobs as a pipe fitter, millwright, and helper.

the extent of his pain. While the ALJ did consider Carlin's pain, he concluded that it did not preclude Carlin from performing a medium level of work activity. To the extent that Carlin alleged more disabling pain, the ALJ found the evidence incredible. First, the ALJ noted that Carlin's testimony at two hearings did not refer to any specific subjective limitations before October 1, 1989, and that Carlin did not take any strong medication for relief of his pain before October 1, 1989. Second, the ALJ found that the medical evidence -- which Carlin does not now dispute -- showed that despite his complaints, Carlin had demonstrated a full range of motion of his right shoulder with no impairment in the use of his hand or arm before October 1, 1989. Accordingly, we conclude that the ALJ properly considered Carlin's pain and that his findings about the effect of Carlin's pain before October 1, 1989, are supported by substantial evidence.

Carlin also contends that the ALJ conducted an improper vocational assessment by failing to take into account his disabling pain. Carlin's vocational assessment argument, therefore, is dependent upon -- and falls with -- his contention that the ALJ erroneously evaluated his subjective complaints of pain. At the hearing, the ALJ asked the vocational expert whether there were any jobs in the economy that Carlin should have been able to perform before October 1, 1989, taking into account "his age, education, and work background" and assuming "that during that period of time he retained the residual functional capacity to perform work at the medium exertional level as defined in the regulation provided he was not required to lift weight of that degree above shoulder level with his right hand and arm, and . . . that during that period of time he did not have a mental impairment or combination of mental impairments which had imposed any significant limitation on his ability to do work-related mental activities." The expert testified affirmatively, identifying such semi-skilled jobs as welder and assembler and unskilled jobs as hand packager, machine tender, and store laborer. We are satisfied that this testimony provided substantial evidence to support the ALJ's decision that Carlin was not disabled within the meaning of the Social Security Act before October 1, 1989.

Accordingly, the district court's judgment affirming the Commissioner is

AFFIRMED.

4